IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

SIERRA CLUB; WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.; and
WEST VIRGINIA RIVERS COALITION, INC.;

    **Plaintiffs,**

v.                **CIVIL ACTION NO. 3:24-cv-00130**

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; MICHAEL S.
REGAN, Administrator, United States
Environmental Protection Agency; and
ADAM ORTIZ, Regional Administrator,
United States Environmental Protection
Agency, Region III,

    **Defendants.**

## REPLY IN SUPPORT OF WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION'S MOTION TO INTERVENE

    Although the United States Environmental Protection Agency ("EPA") and the individual defendants have all consented to the West Virginia Department of Environmental Protection's ("WVDEP") motion to intervene, see ECF No. 10, the Plaintiffs have chosen an altogether different approach, asking this Court to preemptively handcuff the WVDEP and artificially limit the scope of these proceedings. ECF No. 11. The Court should reject the Plaintiffs' effort to commandeer the courts for specious sue-and-settle tactics.

    The Plaintiffs do not contest the merits of the WVDEP's motion, nor do they dispute the agency's right to intervene. This is for good reason because, as outlined in its Motion, the WVDEP has a clear right to intervene. Disturbed by that reality and the looming realization that they may have to prove their claims, the Plaintiffs have instead asked this Court to limit the scope of WVDEP's intervention when this case is still in its infancy. Plaintiffs do so based purportedly on

a yet-to-be-finalized agreement and a yet-to-be-filed motion. The astounding request is both improper and unsupported by logic or the law. The Court should deny their efforts and allow WVDEP to fully intervene as of right under Federal Rule of Civil Procedure 24(a) to protect its interests.

## ARGUMENT

### I. The Court should grant WVDEP's uncontested intervention as of right.

At the outset, neither the Plaintiffs nor the Defendants contest WVDEP's proposed intervention as of right pursuant to Federal Rule of Civil Procedure Rule 24(a). Because no party objects to intervention, the Court should grant WVDEP's intervention as of right.

### II. No reasonable grounds exist to limit the scope of WVDEP's intervention.

Despite their protests, the Plaintiffs have failed to articulate any grounds which are sufficient to justify limiting the scope of WVDEP's intervention. And only in limited and specific circumstances—none of which are applicable here—have courts limited the scope of intervention as of right. Limiting the scope of intervention while this case is in its infancy would be unjustified and would deprive WVDEP of the opportunity to protect its interests. The mere presence of an adversarial defendant is not a good reason to limit the WVDEP's undisputed right to intervene in this lawsuit. Plaintiffs' various arguments should be rejected, and the WVDEP's motion should be granted.

#### a. Plaintiffs' reliance on disputed facts highlights the need for intervention.

Plaintiffs begin their response by asserting that WVDEP has long neglected its responsibilities and has willfully ignored the Fourth Circuit's warnings. ECF No. 11 at 1-2. They further argue that because of alleged malfeasance on the part of WVDEP, the present situation was somehow inevitable. *Id.* at 2. Notably, those allegations are all premised upon litigation to which the WVDEP was not a party, highlighting precisely why WVDEP's full intervention is critical.

Indeed, it was the Plaintiffs who chose not to name the WVDEP as a defendant in the prior litigation. It was the Plaintiffs who chose not to include the WVDEP in their lengthy settlement negotiations. And it was the Plaintiffs who chose not to name the WVDEP as a defendant in this case. Taken together, it is apparent that the Plaintiffs seem dead set on adjudicating the rights and responsibilities of WVDEP with respect to its TMDL program, while depriving the agency of an opportunity to be heard and to defend on the merits.

### b. Plaintiffs misunderstand the harm of excluding the WVDEP from their negotiations.

Plaintiffs criticize the agency's surprise at being excluded from the parties' settlement discussions. ECF No. 11 at 2 n.4. Their criticism misses the point. There may not be a statute, rule, or case that required the Plaintiffs to include the WVDEP in their settlement negotiations. But it cannot be lost on the Plaintiffs that they have been negotiating the agency's rights and responsibilities in its absence. Clearly, the WVDEP's interests are being ignored in this litigation and are not adequately protected. This is a core element of intervention, which the Plaintiffs cannot and do not dispute.

Further, the cases the Plaintiffs have cited for support on this point clearly highlight the differences present here and cut against its argument to limit the scope. First, the Plaintiffs point to *United States v. Cannon Eng'g Corp*, 899 F.2d 79, 93 (1st Cir. 1990), for the proposition that the EPA can negotiate and settle with whomever it wants. *See* ECF No. 11 at 2 n.4. However, *Cannon* involved hundreds of potentially responsible parties settling administrative claims under CERCLA litigation, with EPA offering settlements en masse to many litigants at once. 899 F.2d at 83, 89-93. Some parties complained that they were cut out of settlements during a "divide and conquer" approach to dealing with hundreds of parties, and asserted that EPA's tactic was improper under CERCLA. *Id.* at 93. The First Circuit concluded that EPA has wide latitude in how

to negotiate settlements under CERCLA. *Id.* The court specifically credited CERCLA's statutory goal of expediting remedial measures as part of the reason for this latitude. *Id.* at 89. *Cannon* is not remotely analogous to the present controversy, involving a single group of Plaintiffs under the Clean Water Act ("CWA"), a statute which specifically empowers state regulatory agencies like the WVDEP. The cited case from the eastern Kentucky is similarly inapplicable. There, the question regarded the rights of citizen intervenors under the CWA's citizen suit provisions, which provide for much more limited rights. *See United States v. Lexington-Fayette Urb. County Gov't*, No. 06-386 KSF, 2007 WL 2020246, at *3 (E.D. Ky. July 6, 2007). The court stated that the regulatory body and the Government could exclude private citizens from the negotiation, given the limitations of that private citizen's right to intervene under 33 U.S.C. §1365(b)(1)(B). *Id.* at *4. Neither case suggests that the EPA or the Plaintiffs can or should negotiate away the State's environmental authority though a secret deal.

Additionally, and importantly, the propriety of Plaintiffs' negotiations has no bearing on the Plaintiffs' request to limit the scope of WVDEP's intervention.

### c. This case is in its infancy and any limitation on WVDEP's intervention is improper.

Plaintiffs attempt to portray this case, which at the point of the motion to intervene consisted of a total of six docket entries, as "near its resolution." ECF No. 11 at 5. They go on to suggest that WVDEP aims to "fundamentally alter" the proceedings, and "turn this relatively simple proceeding into a drawn-out affair." *Id*. at 5-6.

Plaintiffs' argument is premised on a draft consent decree that purports to settle this matter. Even if that could be possible, as the Plaintiffs themselves concede, the Consent Decree is not finalized, and there is no motion before the Court to adopt a consent decree. *Id.* at 3. Thus, it is astounding to ask this Court to severely limit WVDEP's intervention based upon a yet-to-be-filed

4

future motion to adopt a yet-to-be-finalized consent decree. Clearly, the Plaintiffs never intended this to be a true lawsuit, and never anticipated that any of their claims might be challenged or adjudicated on their merits. This case was meant from its outset to be a sue-and-settle collusive lawsuit with the EPA.

On this point, Plaintiffs' legal authority similarly does not hold up. Plaintiffs invoke *Vinson v. Washington Gas Light Co.* for the position that "an intervenor is admitted to the proceeding as it stands… ." *See* 321 U.S. 489, 498 (1944); ECF No. 11 at 5. As it stands, in this case, there is an unanswered complaint, no scheduling order, and no pending motions except for this one. To impose limitations on WVDEP's intervention would dramatically alter the scope of this proceeding. The WVDEP simply seeks to join the case, defend against the allegations in the complaint, and protect its rights.

If the initial parties seek approval of their draft consent decree following WVDEP's intervention, the relied-upon cases highlight the flaws in Plaintiffs' argument. In *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, the Court did hold that one party cannot preclude other parties from settling. *See* 478 U.S. 501, 528-29 (1986). However, the circumstances highlight the flaws in the Plaintiffs' attempt to use that case to limit WVDEP's options here. In that case, the proposed consent decree came *years* after the start of the litigation. *Id.* at 504-512. Further, the initial consent decree in *Cleveland* was <u>rejected</u> by the court, in large part <u>because of</u> the failure to include the intervened parties in the settlement negotiations. *Id.* at 508. Only after 40 hours of mandated supervised negotiation did the challenged decree emerge. *Id.* at 509. Finally, *Cleveland* demonstrates that even a court-approved consent decree between the original parties could not extinguish WVDEP's right to mount a defense, with the court holding that "approval of a consent decree between some of the parties therefore cannot dispose of the

valid claims of nonconsenting intervenors; if properly raised, these claims remain and may be litigated by the intervenor." *Id.* And further, that "of course, a court may not enter a consent decree that imposes obligations on a party that did not consent to the decree." *Id.* (internal citations omitted). Again, no settlement is presently on the table, but even if it were, the cited case makes clear that a proposed consent decree could not dispose of WVDEP's claims and defenses and, therefore, should have no bearing on the scope of intervention.

If that were insufficient, the two Fourth Circuit cases relied upon are similarly not helpful to Plaintiffs' cause. From *United States v. North Carolina*, the Plaintiffs pluck an irrelevant quote from its context to attempt to argue for limiting the scope of intervention. Although the Fourth Circuit did note that a court does not need to hold a rehearsal trial before accepting a settlement, this was in the context of discussing whether a court had considered the proper factors before rejecting a consent decree and the proper depth of findings needed to support that decision. *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999). The case did not involve an intervening party, nor did it involve any party seeking to mount a defense on the merits. This is simply not the question currently before the Court and has zero bearing on whether to limit the scope of intervention.

Plaintiffs' reliance on *Flinn v. FMC Corp*. is similarly misplaced *See* ECF No. 11 at 5-6 (*citing* 528 F.2d 1169, 1172-73 (4th Cir. 1975)). *Flinn* involved the approval of a class action settlement, and the quoted language relates to the adequacy of the district court's review of the proposed class settlement. 528 F.2d at 1172-73. *Flinn* simply has no bearing on the appropriate scope of intervention. If, after intervention, the parties seek to propose a settlement that cuts out the WVDEP, that issue can be litigated, but it is wholly improper and nonsensical to do so at this stage.

### d. WVDEP's intervention will not alter the scope of the litigation.

In a similar vein, Plaintiffs argue that the requested intervention would unreasonably enlarge the issues in controversy. But WVDEP is not seeking to introduce any issues that were not already placed at issue by the Plaintiffs' Complaint. The agency simply wishes to respond to and defend against the claims already before the Court. It is hard to fathom how this could be viewed as altering the nature of the proceeding, which, at this point, is an unanswered complaint. The current Defendants do not even oppose this requested intervention, and the WVDEP's proposed Answer only seeks to address the Plaintiffs' own claims. Unless Plaintiffs concede that the Complaint was merely a vehicle by which they could collude with the Defendants to reach a desired result, then the requested intervention will necessarily be limited to the claims raised in the Complaint.

### e. Plaintiffs improperly seek to commandeer the Court's docket to achieve a predetermined result.

Finally, the Plaintiffs claim that limiting intervention is a matter of this Court's ability to control its docket. Given the realities of what the Plaintiffs have attempted in this matter, their suggestion is barely credible. The WVDEP has filed its proposed Answer. There has been no scheduling order, no Rule 26(f) report, no Rule 26 disclosures, and really no litigation activity whatsoever. To pretend that intervention would disrupt the Court's docket is, in essence, to admit that this lawsuit constitutes a scheme to litigate the agency's legal rights in its absence. The Court should not permit litigants to treat the judicial forum as a vessel for sue-and-settle collusive litigation.

### CONCLUSION

The Plaintiffs appear frustrated that their sue-and-settle lawsuit might now face genuine opposition. Their response concedes that the WVDEP must be permitted to intervene, and

7

Plaintiffs' arguments prove that the agency's intervention is essential to preserve any semblance of adversarial litigation. For the foregoing reasons, WVDEP respectfully requests that this Court grant its Motion to Intervene, without any limitation as to scope.

Dated: May 13, 2024                        Respectfully submitted,

**The West Virginia Department of Environmental Protection,**

By Counsel,

*/s/ Isaac R. Forman*
Michael B. Hissam (WVSB # 11526)
Isaac R. Forman (WVSB # 11668)
Skyler A. Matthews (WVSB # 13532)
Hissam Forman Donovan Ritchie PLLC
P.O. Box 3983
Charleston, WV 25339
(681) 265-3802
(304) 982-8056 *facsimile*
mhissam@hfdrlaw.com
iforman@hfdrlaw.com
smatthews@hfdrlaw.com