IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SIERRA CLUB;
WEST VIRGINIA HIGHLANDS CONSERVANCY, INC., and
WEST VIRGINIA RIVERS COALITION, INC,

           Plaintiffs,

v.                                        CIVIL ACTION NO. 3:24-0130

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY;
MICHAEL S. REGAN, Administrator,
United States Environmental Protection Agency; and
ADAM ORTIZ, Regional Administrator,
United States Environmental Protection Agency, Region III,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Intervene by the West Virginia Department of Environmental Protection ("WVDEP"). ECF No. 7. For the following reasons, the Court **GRANTS** the motion.

As a sequel to prior litigation in *Ohio Valley Environmental Coalition, Inc. v. McCarthy*, Civ. Act. No. 3:15-cv-271, 2017 WL 600102 (S.D. W. Va. Feb. 14, 2017), r*ev'd in part sub nom. Ohio Valley Env't Coal., Inc. v. Pruitt*, 893 F.3d 225 (4th Cir. 2018), Plaintiffs Sierra Club, West Virginia Highlands Conservancy, Inc., and West Virginia Rivers Coalition, Inc. filed a Complaint for Declaratory and Injunctive Relief on March 18, 2024. ECF No. 1. In their Complaint, Plaintiffs allege that Defendants United States Environmental Protection Agency, Michael S. Regan, and Adam Ortiz (collectively referred to as the "EPA") have "failed to perform nondiscretionary duties

under 33 U.S.C. § 1313(d)(2) to establish total maximum daily loads ('TMDLs') for ionic toxicity in certain waters in the Lower Guyandotte River Watershed in West Virginia." *Compl. for Decl. and Inj. Relief*, ¶3. Plaintiffs claim the EPA's duties resulted from WVDEP's failure to develop a suitable plan of its own. More specifically, Plaintiffs assert WVDEP:

> (1) . . . fail[ed] . . . to adhere to certain agreed deadlines for ionic toxicity TMDLs for certain waters in West Virginia's Lower Guyandotte River Watershed in a June 13, 2017 memorandum of agreement between EPA and WVDEP; (2) . . . fail[ed] to submit ionic toxicity TMDLs to EPA for certain waters in the Lower Guyandotte River Watershed when WVDEP submitted to EPA other TMDLs for other pollutants causing water quality impairments in that watershed; and (3) . . . fail[ed] to submit to EPA pursuant to 33 U.S.C. § 1313(d)(2) any ionic toxicity TMDLs for the Lower Guyandotte River Watershed.

*Id*. As a result of WVDEP's noncompliance and the EPA's nondiscretionary duties, Plaintiffs request this Court, inter alia, (1) declare "Defendants have failed to perform nondiscretionary duties required by the Clean Water Act . . ."; (2) "[o]rder[] Defendants to disapprove West Virginia's actual and/or constructive submission of 'no TMDLs' streams in the Lower Guyandotte River Watershed for which ionic toxicity TMLDs are required"; and (3) "[o]rder[] Defendants to develop, as soon as possible, ionic toxicity TMDLs for streams in the Lower Guyandotte River Watershed for which such TMDLs are required[.]" *Id*. at 13.

Soon after this action was filed, the EPA published a notice that it intends to enter into a proposed consent decree with Plaintiffs that will settle this case. *See* 89 Fed. Reg. 22140-02, 2024 WL 1329093 (Mar. 29, 2024). Upon learning of this action and the proposed settlement, WVDEP filed its Motion to Intervene. In its motion, WVDEP asserts it was neither notified nor involved in the proposed consent decree, and the consent decree circumvents its interest and role under the Clean Water Act by providing "that the EPA will develop ionic toxicity TMDLs for public review and comment by October 31, 2024, and will establish ionic toxicity TMDLs by early 2025." *Mem.*

*of Law in Supp. of WVDEP's Mot. to Intervene*, 2 (citing Proposed Consent Decree, available at https://downloads.regulations.gov/EPA-HQ-OGC-2024-0145-0002/content.pdf, *archived at* https://perma.cc/SEB2-7JDB) (Last visited May 21, 2024), ECF No. 8. As it has a substantial interest in this case, WVDEP argues that it is entitled to intervention as either a matter of right or by permission under Rule 24 of the Federal Rules of Civil Procedure. In response, the EPA states that it does not oppose the motion, and Plaintiffs state they take no position on whether intervention should be granted.

Rule 24(a) permits intervention as a matter of right, while Rule 24(b) provides for permissive intervention. Under Rule 24(a)(2), a court must permit intervention when the movant files a timely motion and "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). On the other hand, Rule 24(b) provides, in part, that a court may permit intervention on timely motion when the movant "has a claim or defense that shares with the main action a common question of law or fact" or when a state agency raises a defense "based on: (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order." Fed. R. Civ. P. 24(b)(1)(B) and (b)(2).

Applying the standard for intervention as a matter of right under subsection (a), the Court finds that WVDEP easily meets this standard. First, WVDEP made its motion just over a month after this case was filed and, thus, it was timely presented. Second, in their actions, Plaintiffs directly allege WVDEP has failed to fulfill its obligations under a memorandum of agreement with the EPA and failed to submit ionic toxicity TMDLs to the EPA. As a consequence, Plaintiffs

request that this Court order, inter alia, that the EPA "disapprove West Virginia's actual and/or constructive submission of 'no TMDLs' for streams in the Lower Guyandotte River Watershed for which ionic toxicity TMDLs are required[.]" *Compl. for Decl. and Injunctive Relief*, at 13. Given Plaintiffs' allegations and demands, the Court finds WVDEP clearly has interests related to this action. Third, it is undisputed that Plaintiffs and the EPA already have negotiated a proposed consent decree. If the Court adopts the consent decree to resolve this action, such a decision may impair or impede WVDEP's interest, which plainly is not being adequately represented by the EPA. Accordingly, pursuant to Rule 24(a), the Court finds WVDEP has established it may intervene as a matter of right and **GRANTS** its motion.[1]

Although Plaintiffs do not object to intervention, they ask the Court to limit the scope of WVDEP's participation if intervention is granted. Plaintiffs contend the only issue before the Court is whether the proposed consent decree should be entered. Therefore, Plaintiffs argue the Court should limit WVDEP's actions to submitting objections to the proposed consent decree to prevent it from fundamentally altering the nature of the proceeding by ensnarling the parties in litigation beyond this issue. At this point, however, the consent decree has not been filed for the Court's review, and the Court declines to speculate on the propriety of any future challenges by WVDEP. If WVDEP attempts to engage in litigation beyond what Plaintiffs and the EPA believe is permissible, they may object, and the Court will address their objections at that time.

Accordingly, having found WVDEP has satisfied a right to intervene under Rule 24(a), the Court **GRANTS** its motion. ECF No. 7.

---

[1] As WVDEP has demonstrated its right to intervene under Rule 24(a), the Court declines to address permissive intervention under Rule 24(b).

-5-

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 22, 2024

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE