**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**SIERRA CLUB; WEST VIRGINIA HIGHLANDS CONSERVANCY, INC; and WEST VIRGINIA RIVERS COALITION, INC.,**

**Plaintiffs**

**v.** **Civil Action No. 3:24-cv-00130**

**U.S. ENVIRONMENTAL PROTECTION AGENCY; MICHAEL S. REGAN, Administrator, U.S. Environmental Protection Agency; and ADAM ORTIZ, Regional Administrator, U.S. Environmental Protection Agency, Region III,**

**Defendants.**

**MOTION TO INTERVENE BY ROGER HANSHAW, ON BEHALF OF THE WEST VIRGINIA HOUSE OF DELEGATES, AND CRAIG BLAIR, ON BEHALF OF THE WEST VIRGINIA SENATE**

COME NOW the proposed intervenors, Roger Hanshaw, in his capacity as the Speaker of the West Virginia House of Delegates, and Craig Blair, in his capacity as the President of the West Virginia Senate (collectively, the "Legislative Branch"), by their undersigned counsel, and respectfully submit this motion to intervene in this civil action pursuant to Rules 24(a)(2) and 24(b)(1)(B) of the Federal Rules of Civil Procedure.

On March 18, 2024, the plaintiffs, Sierra Club, West Virginia Highlands Conservancy, Inc., and West Virginia Rivers Coalition (collectively, the "Plaintiffs), sued the U.S. Environmental Protection Agency ("EPA") to force the agency to establish ionic toxicity total

maximum daily loads, or "TMDLs",[1] for biologically impaired streams in the Lower Guyandotte River Watershed in West Virginia. Eleven days later, EPA announced that it intends to enter into a consent decree with the Plaintiffs (the "Proposed Consent Decree") to settle the case.[2] Under the Proposed Consent Decree, EPA agreed to develop ionic toxicity TMDLs for eleven Lower Guyandotte River watershed streams in West Virginia on or before January 15, 2025.

The Proposed Consent Decree does not, however, require EPA to develop ionic toxicity TMDLs based on the narrative biological WQS compliance criteria set out in W. Va. Code §22-11-7b(f). As explained in its supporting memorandum of law, the Legislative Branch has a legitimate and substantial interest in ensuring that the EPA uses the Legislative Branch's narrative biological WQS compliance criteria when it develops ionic toxicity TMDLs for West Virginia's streams, and the existing parties cannot or will not adequately protect that interest. Accordingly, the Legislative Branch is entitled to intervene in this case pursuant to both Rule 24(a)(2) and 24(b)(1)(B) of the Federal Rules of Civil Procedure to object to the Proposed Consent Decree to the extent it does not obligate EPA to do so.

[1] A TMDL establishes the maximum daily discharge of pollutants into a water. *See* 33 U.S.C. § 1313(d)(1)(C).

[2] *See* 89 Fed. Reg. 22140-02, 2024 WL 1329093 (Mar. 29, 2024).

**Respectfully submitted,**

**The West Virginia Senate, by and through its President, Craig Blair, and the West Virginia House of Delegates, by and through its Speaker, Roger Hanshaw**

**By Counsel,**

_/s/ *James A. Walls*_____________________
James A. Walls (WV State Bar #5175)
Spilman Thomas & Battle, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304.291.7920 / 304.291.7979 *facsimile*
jwalls@spilmanlaw.com

David L. Yaussy (WV State Bar #4156)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
Charleston, WV 25301
304.340.3800 / 304.340.3801 *facsimile*
dyaussy@spilmanlaw.com

20982296

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**SIERRA CLUB; WEST VIRGINIA HIGHLANDS CONSERVANCY, INC; and WEST VIRGINIA RIVERS COALITION, INC.,**

**Plaintiffs**

**v.** **Civil Action No. 3:24-cv-00130**

**U.S. ENVIRONMENTAL PROTECTION AGENCY; MICHAEL S. REGAN, Administrator, U.S. Environmental Protection Agency; and ADAM ORTIZ, Regional Administrator, U.S. Environmental Protection Agency, Region III,**

**Defendants.**

**CERTIFICATE OF SERVICE**

I, James A. Walls, do hereby certify that on May 24, 2024, I electronically filed a true and accurate copy of the foregoing "*Motion to Intervene by Roger Hanshaw, On Behalf of The West Virginia House of Delegates, and Craig Blair, On Behalf of The West Virginia Senate*" with the Clerk of the Court using the CM/ECF system, which will serve all parties of record as follows:

| Derek O. Teaney<br>Elizabeth Bower<br>Appalachian Mountain Advocates, Inc.<br>Post Office Box 507<br>Lewisburg, WV 34901<br>dteaney@appalmad.org<br>ebower@appalmad.org<br><br>*Counsel for Plaintiffs Sierra Club, West Virginia Highlands Conservancy, Inc, and West Virginia Rivers Coalition, Inc.* | David J. Kaplan<br>U.S. Department of Justice<br>Post Office Box 7611<br>Washington, DC 20044<br>David.kaplan@usdoj.gov<br><br>*Counsel for Defendants United States Environmental Protection Agency, Michael S. Regan, and Adam Ortiz* |
| --- | --- |
| Isaac Ralston Forman<br>Michael B. Hissam<br>Skyler A. Matthews<br>Hissam Forman Donovan Ritchie<br>Post Office Box 3983<br>Charleston, WV 25339<br>iforman@hfdrlaw.com<br>mhissam@kfdrlaw.com<br>smatthews@hfdrlaw.com<br><br>*Counsel for Intervenor Defendant West Virginia Department of Environmental Protection* | Christopher M. Hunter<br>Jackson Kelly<br>Post Office Box 553<br>Charleston, WV 25322<br>chunter@jacksonkelly.com<br><br>*Counsel for Intervenor Defendant West Virginia Coal Association* |

/s/ *James A. Walls*
James A. Walls (WV State Bar #5175)